EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Katherine D. Watson
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DONNA MARTINEZ,

                    Plaintiff,                                    14-civ-02548 (PAC) (HBP)

          -against-                                              **ANSWER**

THE MOUNT SINAI HOSPITAL a/k/a MOUNT
SINAI MEDICAL CENTER,

                    Defendant.

_____

          Defendant, The Mount Sinai Hospital ("Mount Sinai") (named herein as "The Mount

Sinai Hospital a/k/a Mount Sinai Medical Center"), by its attorneys, Edwards Wildman Palmer

LLP, answers the Complaint as follows:

          1.          Denies each and every allegation contained in Paragraph 1 of the Complaint,

except admits that Plaintiff purports to assert claims under the New York City Human Rights

Law (the "NYCHRL"), the New York State Human Rights Law (the "NYSHRL"), and the

Family and Medical Leave Act (the "FMLA").

          2.          Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint, except admits that Plaintiff is a person.

3.      Denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Mount Sinai is incorporated pursuant to the not-for-profit corporation law of the State of New York, and its mailing address is One Gustave L. Levy Place, 1190 Fifth Avenue, New York, New York 10029.

4.      Denies each and every allegation contained in Paragraph 4 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Supreme Court of the State of New York.

5.      Denies each and every allegation contained in Paragraph 5 of the Complaint, and refers to the Article 3 of New York Civil Practice Laws and Rules for the contents thereof.

6.      Admits the allegation contained in Paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in Paragraph 7 of the Complaint, except admits that Plaintiff was employed as a Senior Billing Coordinator Generalist at the time of her termination on July 1, 2013.

8.      Denies knowledge and information sufficient to form a belief as to the allegations contained in the first Paragraph numbered 8 of the Complaint.

9.      Denies each and every allegation contained in Paragraph 8 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation regarding why Plaintiff was late to work on June 24, 2013, and admits that Plaintiff was late to work on June 24, 2013.

10.     Denies each and every allegation contained in Paragraph 9 of the Complaint, except admits that Plaintiff's lateness on June 24, 2013 contributed to the decision to terminate her employment.

11.     With regard to Paragraphs 1 through 9 of the Complaint, repeats and realleges its responses, as if each were fully set forth herein.

12.     Admits the allegations contained in Paragraph 11 of the Complaint.

13.     Admits the allegations contained in Paragraph 12 of the Complaint.

14.     Denies each and every allegation contained in Paragraph 13 of the Complaint and refers to the NYCHRL and the NYSHRL for the contents thereof.

15.     Denies each and every allegation contained in Paragraph 14 of the Complaint.

16.     With regard to Paragraphs 1 through 14 of the Complaint, repeats and realleges its responses, as if each were fully set forth herein.

17.     Admits the allegations contained in Paragraph 16 of the Complaint.

18.     Admits the allegations contained in Paragraph 17 of the Complaint.

19.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and refers to the FMLA for the contents thereof.

20.     Denies each and every allegation contained in Paragraph 19 of the Complaint.

21.     Denies each and every allegation contained in Paragraph 20 of the Complaint.

22.     Denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause contained in the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendant knew or should have known of any alleged discriminatory, harassing or retaliatory treatment of the Plaintiff or that Defendant acquiesced in any alleged such treatment.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and to correct promptly any discriminatory or retaliatory behavior by having anti-discrimination and anti-retaliation policies with a complaint procedure.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, because Defendant has policies prohibiting discrimination, and procedures for investigating and preventing discrimination and retaliation, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination and retaliation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination, harassment and retaliation were established, and complied with, by Defendant and there is a record of no prior incidents of discriminatory, harassing or retaliatory conduct by any employee, agent, or independent contractor of Defendant who is alleged by Plaintiff to have discriminated against, harassed or retaliated against her.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have a qualifying disability within the meaning of the NYSHRL and/or NYCHRL.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual within the meaning of the NYSHRL and/or NYCHRL, who with or without a reasonable accommodation, can perform the essential functions of her job.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30.     Assuming arguendo that Plaintiff is a qualified individual with a disability within the meaning of the NYSHRL and/or NYCHRL, an accommodation of Plaintiff's alleged disability would impose an undue hardship on the operation of Defendant's business.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31.     Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have a serious health condition within the meaning of the FMLA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to give timely notice of her need for leave as required by the FMLA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and had reasonable grounds to believe that it did not violate the FMLA.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Date:   April 24, 2014
        New York, New York

                                    EDWARDS WILDMAN PALMER LLP

                                    By: _____
                                          Rory J. McEvoy
                                          Katherine D. Watson
                                    Attorneys for Defendant
                                    750 Lexington Avenue
                                    New York, New York 10022
                                    212.308.4411
                                    rmcevoy@edwardswildman.com
                                    kwatson@edwardswildman.com

To:     David Abrams, Esq.
        Attorney for Plaintiff
        299 Broadway, Suite 1700
        Tel. 212-897-5821
        Fax 212-897-5811

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Katherine D. Watson
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA MARTINEZ,

                Plaintiff,

          -against-

THE MOUNT SINAI HOSPITAL a/k/a MOUNT
SINAI MEDICAL CENTER,

                Defendant.

14-civ-02548 (PAC) (HBP)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK )

       Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age
of eighteen; is not a party to this action; and that on the 24th day of April 2014, she caused a true
and correct copy of the foregoing ANSWER to be served upon:

David Abrams, Esq.
Attorney for Plaintiff
299 Broadway, Suite 1700
Tel. 212-897-5821
Fax 212-897-5811

by depositing a true copy of said documents enclosed in a prepaid, sealed wrapper, properly
addressed to the above-named party, in an official depository under the exclusive care and
custody of the United States Postal Service, first class mail, within the State of New York and by
filing same on the United States District Court, Southern District of New York's electronic court
filing system.

Sworn to before me this
24th day of April 2014

Jean W. McLoughlin

Notary Public

JOHN FRANCAVILLO
Notary Public, State of New York
No. 24-4838118
Qualified in Kings County
Certificate Filed in Kings County
Commission Expires Oct. 31, 20__