UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
IN RE:                                                         :         ____ Civ. _____ - PAC
                                                               :         IPTC NOTIFICATION
Initial Pretrial Conference Notification in a                  :
case before Judge Paul A. Crotty, U.S.D.J                      :
                                                               :
                                                               :
                                                               :
                                                               :
---------------------------------------------------------------X

      The Initial Pretrial Conference is scheduled to go forward on: _____, _____ at _____ PM in Courtroom 11-D, 500 Pearl Street, before Judge Paul A. Crotty, U.S.D.J.  The submission of the proposed civil case management plan (attached & can be found on the SDNY website) and joint letter, pursuant to Rule 6G of Judge Crotty's Individual Practices (attached & can also be found on the SDNY website), due two business days prior to the conference.  The joint letter should be filed on ECF in accordance with the ECF filing instructions.  The proposed civil case management plan should be filed on ECF as an "exhibit / proposed order" to the joint letter.  Requests for adjournment of the conference will be considered if made in writing and otherwise in accordance with Judge Crotty's Individual Practices.

                                                                                                         _____
                                                                                                         Marlon Ovalles, Courtroom Deputy

**Revised: September 3, 2013**

# INDIVIDUAL PRACTICES OF JUDGE PAUL A. CROTTY, U.S.D.J

| **Chambers** | **Courtroom Deputy** |
|---|---|
| United States District Court | Marlon Ovalles, Courtroom Deputy |
| Southern District of New York | Courtroom 11-D |
| 500 Pearl Street, Chambers 1350 | 500 Pearl Street |
| New York, NY 10007 | (212) 805-6312 |
| E-Mail: CrottyNYSDChambers@nysd.uscourts.gov | Marlon_Ovalles@nysd.uscourts.gov |
| **Fax:** (212) 805-6304 | |

## Rule #1 - Communications with Chambers

**A. Letters**
Except as otherwise provided below, ALL communications with Chambers shall be by letter.  Letters shall be filed on ECF in accordance with Section 13.1 of the ECF Rules & Procedures.  Any letter to the Court must not exceed 3 pages in length (See Rules 1D, 1E, 3C & 3D below.  If a letter contains an exhibit(s) that exceeds 10 pages in length, a hard copy of the letter and exhibit(s) shall be mailed to the Court.

**B. Telephone Calls**
Telephone calls to Chambers should be made only in emergency situations requiring immediate attention.  In such situations only, call the Courtroom Deputy, Mr. Marlon Ovalles, at (212) 805-6312.  Any voice messages should be brief, and provide the case caption/number and a brief description of the emergency (see Rule 1D for further information on contacting Mr. Ovalles).

**C. Faxes**
See Rule 1A above.  If the document being faxed is not a letter, e-mail is preferred, but faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel.  No document longer than ten (10) pages may be faxed without prior authorization.  Do not follow with a hard copy.

**D. Docketing, ECF and other Procedural Questions**
For Docketing, ECF and other Procedural Questions please contact the SDNY Clerk's Office.  In the event of an emergency or no response from the departments listed on the Court's web site, you may as a last resort e-mail the Courtroom Deputy, Mr. Marlon Ovalles, at: Marlon_Ovalles@nysd.uscourts.gov.

**E. Requests for Adjournments or Extensions of Time**
Letter requests for adjournments will not be granted unless counsel requesting the adjournment complies with this rule.  All requests for adjournments or extensions of time must state (1) the original date(s), (2) the number of any previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent, and (5) if the adversary consents, counsel shall confer amongst each other and propose three (3) alternate conference dates.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order should be attached.  Any request for adjournments of court conferences shall be made at least 48 hours prior to the scheduled appearance.  The Court will not advise the parties by telephone or mail of the disposition of requests for extensions and adjournments.  Counsel are responsible for checking the docket sheet in the Clerk's office in person, by use of a service, or through use of the Court's ECF system.

**F. Contacting Counsel**
If the Court requires information from attorneys/litigants on a pending case, the Courtroom Deputy will contact the attorneys/litigants via e-mail. All Counsel should routinely check their e-mail for communication from the Courtroom Deputy. The Court contacts attorneys/litigants with the e-mail address of the Courtroom Deputy: Marlon_Ovalles@nysd.uscourts.gov.

# Rule # 2 - Courtesy Copies

**A. Pleadings**
One (1) courtesy copy of pleadings (example: Complaint, Rule 7.1, Answer), marked as such, shall be submitted to Chambers as soon as practical after filing, in accordance with the SDNY policies regarding mail deliveries.

**B. Motions**
See Rule 3(I) below.

# Rule # 3 - Motion Rules at a Glance

**A. Pre-Motion Conferences in Civil Cases**
As described below (Rule 3C and 3D), a pre-motion conference with the Court is required before making any motion, except:

1. Motions brought on by Order to Show Cause (See Rule 3F)
2. Motions in criminal cases.
3. Motions by Pro Se Litigants
4. Motions for Admission Pro Hac Vice
5. Motions for Reconsideration
6. Motions for Default Judgment (See Rule 3L)
7. Motions for Appointment of Lead Plaintiff

**B. Pre-Motion Conference Letter in Lieu of Answer**
The time to Answer a Complaint is preserved as long as the defendant files a pre-motion conference letter by the date the Answer is due.

**C. Discovery Motions**
Discovery disputes arising under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure shall be heard only if the moving party has first conferred in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute. If this conference has not resolved the issue(s) raised, the moving party must inform the relevant parties during the conference that the moving party intends to seek relief from the Court on such issue(s). The moving party must thereafter promptly request a conference with the Court. To request a conference with the Court, the moving party shall file a letter, not to exceed three (3) pages in length, setting forth the basis of the discovery dispute and the need for the anticipated motion. The letter must certify that the required in-person or telephonic conference took place between counsel and the relevant parties. The letter must also state the date of such conference and provide the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephonic conference). These requirements are not satisfied by attaching copies of correspondence between counsel. The party opposing the requested relief should file a letter within three (3) business days (also not to exceed three (3) pages in length). The letters should be filed in accordance with Section 13.1 of the ECF Rules.

**D. Motions other than Discovery Motions**
To arrange a pre-motion conference, the moving party shall file a letter, not to exceed three (3) pages in length, setting forth the basis for the anticipated motion. Other parties shall respond within three (3) business days.

2

The moving party should not submit a reply letter unless the Court requests it.  Once the Court is ready to schedule the  pre-motion conference, the Courtroom Deputy will post the date on ECF.

**E. Return Date**
All motions should be made without a return date.

**F. Orders to Show Cause and Temporary Restraining Orders**
All applications for orders to show cause and temporary restraining orders first shall be brought to the Orders and Appeals Clerk for approval and then to Chambers, provided that in ECF cases, counsel shall adhere to any instructions given by the Clerk's Office with respect to such applications.  Applications for temporary restraining orders will be entertained only after notice to the adversary, absent a persuasive showing that the giving of notice itself is likely to result in immediate and irreparable injury.

**G. Memoranda of Law**
Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty-five (25) pages, and reply memoranda are limited to ten (10) pages.  Memoranda of ten (10) pages or more shall contain a table of contents.

**H. Filing Motion Papers**
Motion papers shall be filed promptly on ECF after service according to any schedule set by the Court.

**I. Courtesy Copies of Motion Papers**
Two (2) courtesy copies of all motion papers, marked as such, shall be submitted to Chambers at the time the papers are served, in accordance with the SDNY policies regarding mail deliveries.

**J. Bankruptcy Appeals**
Counsel shall provide Chambers with  two (2) courtesy copies of their briefs, and counsel for appellant shall provide Chambers with one (1) courtesy copy of the record, immediately upon the filing of the originals with the Clerk of Court.  The page limits applicable to memoranda of law on motions apply to briefs on bankruptcy appeals.

**K. Oral Argument on Motions**
The Court will contact the parties after the motion has been fully briefed regarding an oral argument date.

**L. Default Judgments**
**1. Applications.**  An application for a default judgment must comply with Local Civil Rules 55.1 and 55.2 and will not be accepted absent the submission of a proposed form of default judgment and an affidavit containing the following:

    a. A description of the nature of the claim;
    b. A description of the legal and factual basis of the Court's subject matter jurisdiction;
    c. A description of the legal and factual basis of the Court's personal jurisdiction over the defendant;
    d. A statement that the defendant is not an infant or an incompetent;
    e. The annexation of a certificate of default stating that the defendant was properly served and failed to answer or appear, signed and stamped by the Clerk of Court; and
    f. The annexation of documentation, if any, substantiating the claim.

**2. Relief.**  If a party seeks an award of damages or attorney's fees and expenses, the party must also include:

    a. A request for an amount equal to or less than the principal amount demanded in the Complaint;

    b. Definitive information and documentation such that the amount provided for in the proposed judgment can be calculated. (If this requirement cannot be satisfied, a default judgment may be granted as to liability, and damages will be determined by an inquest/hearing);
    c. An affidavit representing that no part of the judgment sought has been paid, other than as indicated in the motion;
    d. Any request for interest on the principal amount may not exceed 9% simple interest, unless a legal or factual basis is demonstrated for a different rate;
    e. An affidavit setting forth the legal and factual basis for any claim of attorneys' fees and expenses, and the hours spent by each attorney, the reasonable hourly rate for each attorney, a description of services and the dates on which the services were rendered and a description of the expenses; and
    f. The calculations made in arriving at the proposed judgment amount.

**M. Pro Hac Vice Motions**
Procedures on filing a Pro Hac Vice Motion can be found by visiting the SDNY website.

**N. Failure of the Court to Decide a Motion**
If a motion is not decided within 120 days of the time it is fully submitted, counsel for either party may send a letter to the Court to call this fact to the Court's attention.

# Rule # 4 - Electronic Cases

**A. Registration**
Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing located on the SDNY website.

**B. ECF Notice**
All Civil and Criminal cases (except Pro Se cases) filed on or after March 1, 2004 that are assigned to Judge Crotty are Electronic Case Filings. All counsel must register for ECF and file a Notice of Appearance in each case pending before this Court. Counsel are responsible for checking their registered e-mail and docket sheet for Orders and Notices. If you are not receiving copies of Orders or Notices, please contact the ECF Help Desk at (212) 805-0800, or in person on the third floor of the courthouse.

# Rule # 5 - Rulings

**A. Notice of Rulings in ECF Cases**
In ECF cases, notice of opinions, orders, and stipulations is given through the ECF system. **NO OTHER MEANS OF NOTIFICATION WILL BE USED.**

# Rule # 6 – Conferences & Other Court Proceedings

**A. Conference Location**
All conferences will be held in Courtroom 11-D unless otherwise indicated.

**B. Transcript of Conference/Hearing**
All civil conferences, except oral arguments, before Judge Crotty are recorded using "Courtflow." In order to obtain a copy of an electronically recorded proceeding, please visit the SDNY website or contact the SDNY A/V Dept. All oral arguments, trials hearings and all criminal proceedings are recorded using the assistance of a Court Reporter.

**C. Initial Conference/Arraignment in a Criminal Case**

Upon the assignment of a criminal case to Judge Crotty, the Assistant United States Attorney shall immediately provide a copy (see Rule 1A) of the Indictment and Complaint to Chambers and arrange, via email with the Deputy Clerk Mr. Ovalles, for a prompt initial conference at which the defendant and defense counsel will be present in order to set a discovery schedule, motion schedule or trial date.  The defendant shall be arraigned in Magistrate Court if bail has <u>not</u> been set.  If bail has been set or if the defendant is remanded, Judge Crotty will preside over the arraignment.

**D. Guilty Pleas**

Guilty pleas will ordinarily be taken by Judge Crotty and not assigned to Magistrate Judges by standing order.  Defense counsel are expected to have reviewed any plea, cooperation or other agreement if necessary, with the assistance of an interpreter – with the defendant prior to the time set for the conference with the Court.  Defendants shall be prepared in advance of their pleas by their attorneys to give narrative allocutions that incorporate all the elements of the offense(s) to which they are pleading guilty.  Where a defendant is pleading guilty pursuant to a plea agreement or a cooperation agreement, a copy of the agreement which is signed by the defendant and the defendant's attorney must be received by Chambers no fewer than **two business** days before the scheduled plea.  Where a defendant is pleading guilty pursuant to a Pimentel letter, a copy of the Pimentel letter must be received by Chambers no fewer than **two business days before the scheduled plea**.

**E.  Bail Modifications**

Any written request for a bail modification shall indicate whether the Government (AUSA) and the Pre-Trial Services Officer consent to the request.

**F.  Sentencing**

The Court assumes that every document in a sentencing submission, including letters, will be filed in the public record either in paper form or through the ECF system, using the procedures described below.  The defendant is responsible for filing all letters submitted on behalf of the defendant, including those from friends, relatives, etc.  The Government is responsible for filing all letters from victims.

In this regard, the parties are referred to E-Government Act of 2002 and the Southern District's ECF Privacy Policy ("Privacy Policy") and reminded not, unless necessary, to include the five categories of "sensitive information" in their submissions (i.e., social security numbers, names of minor children [use the initials only], dates of birth [use the year only], financial account numbers, and home addresses [use only the City and State]).  Parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (i.e., personal identifying number, medical records, treatment and diagnosis, employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government) as described in the Privacy Policy, without application to the Court.

If any material is redacted from the publicly filed document, only those pages containing the redacted material will be filed under seal.  Bring a copy of those pages to the sentencing proceeding, marked to indicate what information has been redacted from the publicly filed materials, to give to the Court for filing under seal.

**1. Paper Filing**

If letters are filed as hard copies, a party shall group all letters together in a single paper filing under a cover marked SENTENCING MEMORANDUM with the caption and docket number clearly indicated and submit it to the Clerk's Office.

**2. ECF Filing**

If letters are filed electronically, they must be grouped and filed together as attachments to a single document marked SENTENCING MEMORANDUM with the caption and docket number clearly indicated.

If a party redacts information beyond the eleven categories of information identified in the Privacy Policy, an application to do so must be served and filed at the time the sentencing submission is served.  The application should clearly identify the redaction and explain the reasons for the redaction.  The application will be addressed at the sentencing proceeding.

**G. Initial Conference in a Civil Case**
The parties shall submit to the Court a joint letter two (2) business days prior to the conference addressing 1-7 below in separate paragraphs.  If the parties are unable to agree on a joint letter, each party shall submit its own letter.  For the Court's convenience, the parties are requested to set forth the date and time of the conference in the opening paragraph of the joint letter.  The parties shall agree on a Civil Case Management Plan which can be found at: http://www1.nysd.uscourts.gov/judge_info.php?id=91.  The jointly-proposed Civil Case Management Plan should be submitted, via fax or e-mail, together with the joint letter as indicated above.

1. The names, addresses (including firm names), e-mail addresses, telephone, and fax numbers of trial counsel;
2. A brief description of the case, including the factual and legal bases for the claim(s) and defense(s);
3. A brief statement by plaintiff as to the basis of subject-matter jurisdiction and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;
4. A brief summary by each party of the claim(s) and defense(s) that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried;
5. Any contemplated motions;
6. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed; and
7. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).  If the parties are unable to agree on a joint letter, each party shall submit its own letter.

# Rule #7 Trial / Hearing Procedures

**A. Exhibits**

1. All Exhibits are to be pre-marked.  Plaintiff/Government shall mark the exhibits as numbers and Defendant shall use letters.  Ideally, all should be marked before trial, but in all cases, exhibits must be marked no later than the morning of the session of the trial at which they are to be used.  No trial time shall be taken for this purpose.
2. Counsel are responsible for marking their own exhibits.  Counsel must give <u>two (2) copies</u> of each exhibit to the Court (one for the Judge; the other for the Law Clerk) before using it at trial.  Counsel must exchange copies of their trial exhibits before trial begins.  The Court/Law Clerk copies of the pre-marked exhibits should be assembled sequentially in a notebook and tabbed.  If an individual exhibit has multiple pages, the pages should be paginated.
3. On the day of trial, counsel shall bring additional pre-marked copies for use by witnesses, the Courtroom Deputy, and opposing parties.

4. Counsel shall also provide copies to the Court of any depositions which are intended to be offered, in whole or part, into evidence. Depositions are not generally to be offered in their entirety. Copy the relevant pages only, staple the extracts from each deposition, and offer each as an exhibit.
5. Generally, each side of the case keeps track of its own exhibits.

**B. Witnesses**

All witnesses should be identified in the Joint Pretrial Order in civil cases. Failure to list a witness may result in preclusion of that witness. A person who is expected to testify as a witness should not be present in the Courtroom during the examination of evidence (or have access to a transcript or summary of that evidence); but this rule is not applicable to professional persons who are engaged to provide testimony based on their specialized knowledge, and each party may have one representative in the Courtroom.

**C. Court Reporter**

Please respect the Court Reporter's function. If the spelling of names of people, places, or things is unusual, give a list of such words to the Court Reporter at the start of trial. Speak distinctly; do not speak while someone else is speaking. When referring to an exhibit, use its number or letter so that the record is clear as to what is being discussed. Answers given by a witness relating to distances in the Courtroom or objects before the witness should be clarified by a statement for the record so that the transcript will convey a clear report of what took place at trial. When depositions or documents are read, the reader should proceed slowly enough for the Court Reporter to record what is being said. Depositions are to be read by stating the word "Question" and then reading the question, then stating the word "Answer" and then reading the answer.

**D. Interpreter:**

Counsel should advise interpreters not to engage in a dialogue with the witness. Counsel should also remind interpreters to interpret the witness's testimony word for word. Should the interpreter not understand the witness, the interpreter should so inform the Court immediately so that their inability to understand the witness and interpret their response to a particular question becomes part of the record.

**E. Conduct During Trial/Hearing**

Counsel shall comply with the following guidelines:

1. Please be on time for each court session. Trial engagements take precedence over any other business. If you have matters in other Courtrooms, arrange in advance to have them continued or have a colleague handle them for you.
2. Court time may not be used for marking exhibits. Exhibits must be marked in advance of the court session.
3. Stand whenever you address the Court, especially when making an objection.
4. Please question the witnesses from the podium only, unless the Court gives you permission to approach the witness. Do not pace about the Courtroom when questioning witnesses.
5. If you intend to question a witness about a group of documents, avoid delay by having all the documents with you when you start the examination.
6. Please commence cross-examination without preliminaries.
7. Please make your objection short and to the point. Unless specifically directed by the Court to do so, do not argue the objection. Please do not interrupt a question to make your objection.
8. Please address all remarks to the Court, not to opposing counsel.
9. Please maintain professional decorum. Do not engage in disparaging or disrespectful personal remarks or acrimony toward opposing counsel or witnesses.
10. Please refer to all persons, including witnesses, other counsel, and parties by their surnames and not by their first names.

11. No one at counsels' table should gesture, make facial expressions, audible comments, or the like, as manifestations of approval or disapproval to the testimony of witnesses, or to a ruling or statement by the Court.
12. Only one attorney for each party shall examine, or cross-examine, each witness.  The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross-examination.
13. In examining a witness, counsel should not repeat or echo the answer given by the witness.
14. Please do not run out of witnesses.  The Court will advise counsel of its schedule, and counsel should be prepared with witnesses to proceed continuously to the end of trial without interruption.  (If a witness is not available, trial will proceed, and the witness's testimony may be precluded.)

**F.  Requirements Before A Trial.**
Unless ordered otherwise, the Joint Pretrial Order (civil cases), Proposed Voir Dire and Proposed Request to Charge are due three business days before the Final Pretrial Conference date.  For civil cases, see <u>Appendix A</u> for the form of the Joint Pretrial Order.  Any motions in limine must be fully briefed three business days before the final pretrial conference.

**G. Trial/Hearing Schedule**
Trials will generally be conducted Monday through Friday from 9:30 a.m. to 4:30 p.m.  The Court will be available to meet with counsel from 9:00 a.m. to 9:30 a.m. Testimony will begin at 9:30 a.m.  A luncheon recess will run from 12:45 p.m. to 2 p.m.  One (1) 10-15 minute break will be given in the morning and afternoon.

**H. Cellular Phones/PDA**
See Standing Order M10-468.

**Appendix A – Form of Pretrial Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[caption]                                              XX Civ. XXXX (PAC)

      The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 15, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

## I.  NATURE OF THE CASE

[Set forth a brief statement of the general nature of the action and the relief sought by each party.]

## II.  JURY / NON-JURY

[State whether a jury is demanded, whether there is any dispute as to whether the action should be tried by a jury, and the estimated length of trial.]

## III. STIPULATED FACTS

[Set forth any stipulated or agreed upon statements of fact.]

## IV. PARTIES' CONTENTIONS

      The pleadings are deemed amended to embrace the following, and only the following contentions of the parties:

A.      <u>Plaintiff's Contentions</u>

[Set forth a brief statement of the plaintiff's contentions as to all ultimate issues of fact and law.]

B.      <u>Defendant's Contentions</u>

[Set forth a brief statement of the defendant's contentions as to all ultimate issues of fact and law.]

## V.  ISSUES TO BE TRIED

[In non-jury cases, each party shall submit a separate statement of the proposed findings of fact and conclusions of law.]

[In all cases, each party shall submit a pretrial memorandum addressing all questions of law expected to arise at trial.]

## VI. PLAINTIFF'S EXHIBITS

## VII. DEFENDANT'S EXHIBITS

[Each side shall list all exhibits it intends to offer on its case in chief. The list shall include a description of each exhibit. All exhibits shall be premarked. If an exhibit is not listed below, it may be used at trial only (a) for cross-examination purposes or (b) if good cause is shown for its exclusion from the pretrial order.]

## VIII. STIPULATIONS AND OBJECTIONS TO EXHIBITS

[If there are to be objections, such objections should be noted with an asterisk, and the grounds for the objection (authenticity, relevancy, etc.) specified.  Any objections not set forth herein will be considered waived absent good cause shown.]

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and grounds therefor.]

## IX. PLAINTIFF'S WITNESS LIST

## X. DEFENDANT'S WITNESS LIST

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefore.  The witnesses listed may be called at trial.  If a witness is not identified, the witness shall not be permitted to testify on either party's case in chief absent good cause shown.]

## XI. MOTIONS IN LIMINE

[In all cases, counsel shall submit a list of all motions addressing any evidentiary or other issues that should be resolved in limine.]

## XII. ADDITIONAL REQUIREMENTS IN JURY CASES

[In jury cases, counsel shall provide the court with requests to charge and voir dire questions.  The parties must submit a single, unified set of proposed jury instructions on the law applicable to the specific case.  Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction, as well as the legal basis for the instruction and for the other party's opposition to the instruction.  Where applicable, counsel shall also submit a proposed special verdict form.]

## XIII. RELIEF SOUGHT

[The plaintiff shall set forth the precise relief sought, including each element of damages.  If plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Dated: New York, New York
          _____, 20XX

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
                                                            :
                                                            :
                                                            :
                    Plaintiff(s),                           :
                                                            :           ___ Civ. _____ (PAC)
        - against -                                         :
                                                            :
                                                            :           CIVIL CASE MANAGEMENT PLAN
                                                            :             AND SCHEDULING ORDER
                    Defendant(s).                           :
                                                            :
------------------------------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

**ALL DATES MUST BE TYPED <u>NOT</u> HANDWRITTEN.**

      This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1. All parties consent [    ] or do not consent [   ] to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).  [Check one.]  [If all consent, the remaining paragraphs need not be completed.  The parties must submit a magistrate consent form located on my SDNY webpage.]

2. This case is [    ] or is not [    ] to be tried to a jury.  [Check one.]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  See pre-motion conference requirement located in my Individual Practices.

4. Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed by: _____

5. All <u>fact</u> discovery shall be completed no later than _____ [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of documents to be served by: _____
    b. Interrogatories to be served by: _____
    c. Depositions to be completed by : _____

       d.      Requests to Admit to be served by: _____

7.    a.      All <u>expert</u> discovery shall be completed no later than: _____
             [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery.]

       b.      No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a.      Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
_____
_____
_____

       b.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: _____
_____

       c.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
_____

       d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.   The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> (for which the pre-motion conference requirement is waived) shall be

filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: _____.

13. The "dates" column below shall be filled out by counsel. **ALL DATES MUST BE TYPED NOT HANDWRITTEN.**

| 13.  Civil Case Management Plan Requirement | Dates: |
|---|---|
| Initial Disclosure pursuant to Rule 26(a)(1), Fed.R.Civ.P. to be served no later than | |
| All fact discovery to be completed no later than: | |
| Discovery - initial requests for production of documents to be served no later than: | |
| Discovery - interrogatories to be served no later than: | |
| Discovery - depositions to be completed no later than: | |
| Discovery - requests to admit to be served no later than: | |
| All expert discovery to be completed no later than: | |
| Parties to meet to confer on scheduled for expert disclosures no later than: | |
| All counsel to meet face-to-face to discuss settlement no later than: | |
| Date recommended by counsel for alternate dispute resolution: | |

---------------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

14. The next conference is scheduled for: ____/____/ 20____ @ ____: ____ AM / PM in Courtroom 11D.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.

                                                                                                                               _____

                                                                                                                         Paul A. Crotty  
                                                                                        United States District Judge

Dated: ____/____/20____  
          New York, NY