

Phone:   (212) 885-5140
Fax:     (917) 332-3760
Email:   RMcEvoy@BlankRome.com

March 20, 2015

**BY ECF AND FEDERAL EXPRESS**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

      Re:    Martinez v. The Mount Sinai Hospital
             Docket No. 14-civ.-02548

Dear Judge Crotty:

      On behalf of our client, The Mount Sinai Hospital ("Mount Sinai"), and pursuant to the Court's Individual Rules of Practice 3(D), I write to request a pre-motion conference and summarize the basis for the motion for summary judgment that Mount Sinai intends to file now that the discovery period has closed. There is a status conference scheduled for March 26.

## BACKGROUND

      Plaintiff Donna Martinez ("Martinez") is a former Senior Billing Coordinator Generalist in the Department of Surgery at Mount Sinai (the "Department"). Plaintiff was responsible for billing and payment-related duties and reported to Warren Mascarenas ("Mascarenas"), Billing Manager for the Department. Saleha Ahmed ("Ahmed"), Administrative Manager, provided a human resources function for the Department. Neither Mascarenas nor Ahmed had any knowledge that Plaintiff was suffering from her alleged eye condition prior to her termination.

      Over the course of her employment, Plaintiff was issued six disciplinary actions for

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

Boca Raton  •  Cincinnati  •  Houston  •  Los Angeles  •  New York  •  Philadelphia  •  Princeton  •  Shanghai  •  Washington  •  Wilmington



The Honorable Paul A. Crotty
March 20, 2015
Page 2

excessive absenteeism and/or lateness. On May 7, 2013, Plaintiff was issued a Final Warning with working suspension for her chronic lateness. During the meeting to discuss this warning, Mascarenas informed Plaintiff that any further violations of the attendance policy would result in her termination. Plaintiff was late again on June 24, and was terminated on July 1. Mount Sinai had no knowledge that Plaintiff was experiencing an alleged "flare up" of her eye on the morning of June 24 because: (i) Plaintiff did not state the reason for her lateness when she called the employee call-in service (H-Link); and (ii) she failed to inform her supervisor, Mascarenas, that she would be late that day, or that the reason for her being late was related to an eye condition.[1]

## THE MOTION FOR SUMMARY JUDGMENT

With regard to the disability discrimination claims, Plaintiff alleges that "[her] eye condition was a disability" and "[Mount Sinai] failed to accommodate her disability by excusing her lateness on or about June 24, 2013." (Complaint, ¶¶ 13, 14). Plaintiff's claims have no merit because Mount Sinai did not know, and could not have known, that Plaintiff was suffering from a qualifying disability to trigger the duty to engage in the interactive process to determine whether a reasonable accommodation could be found on June 24. Plaintiff never informed her supervisor, Mascarenas, of her alleged condition and, more importantly, failed to make reference to this condition when she called into the H-Link service on June 24. Accordingly, Mount Sinai was not on notice of her need for a reasonable accommodation. Even assuming Plaintiff could demonstrate that Mount Sinai had notice, which she cannot, her claims still fail because she is

---

[1] Martinez did send a text message to a co-worker, Emily Hannon, regarding her eye issue. Hannon was not Plaintiff's supervisor and had no authority to approve or deny any time and attendance requests. Hannon did not inform Mascarenas or Ahmed of the text message or the reason for Plaintiff's lateness.

BLANK ROME LLP
COUNSELORS AT LAW

not a "qualified individual" who could "perform the essential functions of [her] position" because punctuality and regular attendance were essential functions of her job.

With regard to the FMLA claims, Plaintiff alleges that "[her] absence from work on the morning of June 24, 2013 was covered by the FMLA in that it was occasioned by her serious medical condition and she gave [Mount Sinai] reasonable notice of her need for leave from work," and that "[Mount Sinai] violated the [FMLA] in that it discharged Plaintiff over such absence from work." (Complaint, ¶¶19, 20). Accordingly, it appears that Plaintiff asserts both an interference and retaliation claim arising from her lateness on June 24.

The FMLA interference claim fails for the simple reason that she was not denied any leave that she requested and Mount Sinai was not on notice of her need to take FMLA leave because of a serious health condition. *See Di Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 199 (S.D.N.Y. 2009). It is undisputed that Plaintiff never explicitly requested FMLA leave. Moreover, Plaintiff failed to inform Mount Sinai of her eye condition in general, much less that the June 24 lateness was related to such a condition, to put it on sufficient notice of her need for To the extent there is a claim for FMLA retaliation, this claims also fails because Plaintiff failed to provide Mount Sinai with adequate notice under the FMLA and therefore, cannot assert an FMLA retaliation claim. In any event, Mount Sinai has a legitimate, non-retaliatory basis for terminating her employment based on her chronic history of absences and lateness.

Respectfully submitted,

Rory J. McEvoy

cc: David Abrams, Esq. (via ECF)