**David Abrams, Attorney at Law**
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353 Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

March 23, 2015

To:     Hon. Paul A. Crotty                                         (by ECF & hand)
        United States District Court
        Southern District of New York
        500 Pearl Street
        New York, NY 10007

Re:     <u>Martinez v. Mount Sinai Hospital Case No. 14 cv 2548 (PAC)</u>

Dear Judge Crotty:

  I represent the Plaintiff in the above-referenced matter.  Pursuant to Your Honor's individual rules of practice, I am respectfully requesting a pre-motion conference.  As set forth in more detail below, I would like to move for summary judgment as to liability on my client's claims under the New York City Human Rights Law.

  By way of background, this is an employment matter.  My client worked as a biller for the Defendant, a hospital (the "Employer"), for approximately 8 years until her discharge in or about July of 2013.  My client suffers from a serious eye condition which resulted in her being late for work on or about June 24, 2013.  This lateness triggered my client's discharge from employment.  My client has asserted claims against the Employer under the Family and Medical Leave Act and the human rights law.

  With respect to the human rights claims, the Employer has not alleged that it would have been an undue hardship to accommodate my client's condition by excusing her lateness to work.  Instead, the Employer's primary argument seems to be that my client did not give sufficient notice of her need for accommodation to trigger any duty to accommodate under applicable law.

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353 Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

Although there appears to be some dispute about the nature and significance of notice given by my client, there is no dispute that my client advised the Employer at the time of discharge of her medical condition and that the condition had occasioned her final lateness. Thus, there is no dispute that the Employer was aware of my client's condition at the time it considered and rejected her post-termination grievance.

Legally, the Employer's duties under the New York City Human Rights Law extend not just to the initial decision to discharge but to all "terms, conditions or privileges of employment." New York City Human Rights Law Section 8-107(1)(a). This would clearly include a formal post-termination grievance, particularly since the New York City Human Rights Law states that "provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof . . . ." *Id.* Section 8-130.

Moreover, unlike the Americans with Disabilities Act, the duty to accommodate under the New York City Human Rights Law is not limited to "employees" or "applicants" but extends to all "persons." New York City Human Rights Law Section 8-107(1)(a); 8-107(15)(a). Accordingly, the Employer cannot succesfully argue that my client's employment status at the time it failed to accommodate her disability is of consequence here.

Additionally, the Employer may try to argue that since my client came to work late she was not able to perform the essential functions of her job. This is another area where arguments which may have succeeded under the ADA are foreclosed by the broad reach of the New York City Human Rights Law. Under applicable precedent, excused absence from work is a potential accommodation. *See Phillips v. City of New York*, 66 A.D.3d 170, 182, 884 N.Y.S. 369, 378 (1st Dept. 2009) ("[T]here is no accommodation

David Abrams, Attorney at Law
305 Broadway Suite 601, New York, NY 10007
P.O. Box 3353 Church Street Station, New York, NY 10008
Tel. 212-897-5821 Fax 212-897-5811

(whether it be indefinite leave time or any other need created by a disability) that is categorically excluded from the universe of reasonable accommodation.").

      Moreover, the documentary evidence shows that my client received a "strong contributor" performance review for the year preceding her discharge despite having had documented lateness problems during the same time period.  The Defendant may not have been thrilled with my client's attendance record, but it is not logically possible that my client could received solid performance ratings if she had not been performing the essential functions of her job.  No reasonable jury could reach this conclusion.

      Accordingly, I respectfully request leave to move for partial summary judgment.

      Respectfully yours,

      /s/ David Abrams

      David Abrams

cc:    Rory McEvoy, Esq.    (by ECF)